George Tilzer, J.
In this consolidated action, one of the
plaintiffs, who was the contractor on a certain development, seeks an order requiring defendant Palm Beach Realty Ho., Inc. to furnish a surety bond pursuant to section 77 (subd. 3, par. [a], cl. [v]) of the Lien Law. Said section provides for the enforcement of trust claims arising under article 3-A of the Lien Law. The particular section referred to states:
“ 3. (a) The relief granted in any such action may include any or all of the following: * * *
“ (v) An order requiring the trustee to give security to ensure the proper distribution of the trust assets, either during the pendency of the action or thereafter, or to furnish assurance therefor in any other manner, if it appears that there is danger that such assets or asset will be dissipated before judgment or diverted from trust purposes ”.
The consolidated suits are concerned with the building of a co-operative apartment house, the movant seeking to enforce a trust under article 3-A of the Lien Law for payments due bim and others similarly situated. The former owner, Palm Beach Realty Co., Inc., is suing for breach of contract for alleged improper and unworkmanlike performance of the contract. There are other parties to the various actions but this motion is essentially concerned only with the owner and the contractor.
The former owner, Palm Beach Realty Co., Inc., has conveyed the co-operative apartment. The deed contained the usual covenant pursuant to section 13 of the Lien Law which requires the grantor to receive the consideration as a trust fund to be applied first to the payment of the cost of the improvement.
Sufficient has been shown in the moving papers to indicate that the defendant Palm Beach has improperly used the consideration paid to it. It was obliged to first pay the cost of the improvemíint. It has been shown that on March 29, 1960, a mortgage was raised, the proceeds of which were trust funds; subsequently, it was prepaid on June 23,1960. It is averred and not denied that this prepayment was effected by the moneys received in consideration of the sale.
*1060 In these circumstances, it appears that Palm Beach is asserting dominion and control over the trust funds received, and not protecting the position of the suppliers and contractors who have first entitlement to the funds. Accordingly, the court finds there is danger that the assets will be dissipated or diverted from the trust purposes before judgment and, therefore, security should be posted to protect their interests.
On the settlement of the order to be entered herein, the court will take such recommendations as the parties desire to offer as to the amount of security.